IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE FLOYD FULLER, SR,**

                **Petitioner,**

     v.                                          **CASE NO. 08-3204-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a petition as later supplemented for a writ of habeas corpus under 28 U.S.C. § 2241, filed by a pretrial detainee confined in the Johnson County Adult Detention Center in Olathe, Kansas.[1] Petitioner proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court grants this request.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That statute further directs the federal court to review a petitioner's claims and to direct respondents "to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." Id. Having reviewed petitioner's allegations, the court finds this action should be summarily dismissed without prejudice.

---

[1]Petitioner subsequently notified the court that he has been temporarily transferred to the Larned State Hospital in Larned, Kansas, for a competency evaluation.

In this action, petitioner seeks relief from the alleged violation of his constitutional right to a speedy trial on pending state court charges, thus his recognized federal remedy is through habeas corpus after full exhaustion of available state court remedies. *See* Preiser v. Rodriquez, 411 U.S. 475 (1973); Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir. 1994). In Younger v. Harris, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit. The Younger abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). *See also* Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993)(pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241).

Here, petitioner's state court proceeding(s), and available appeals if necessary, clearly appear capable of addressing petitioner's federal speedy trial claim, and the court finds nothing on the face of the petition to suggest that petitioner has exhausted such state court remedies. Nor does petitioner present any special circumstances that might warrant this court's intervention in petitioner's state court action(s). The court thus finds Younger abstention is appropriate in this matter, and finds no exception to Younger abstention is evident on the face of petitioner's

pleadings.[2]  Nor does the court find anything to suggest the State of Kansas would either consent to federal jurisdiction of this matter or stay its prosecution pending a federal court's resolution of petitioner's claims.  *See* Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989)(if Younger abstention conditions are met, abstention is mandatory absent extraordinary circumstances).

For these reasons, the court concludes the petition seeking relief under 28 U.S.C. § 2241 should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS THEREFORE ORDERED that the supplemented petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of October 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] *See* Younger, 401 U.S. at 53-54 (limited exceptions to abstention include bad faith or harassment involving irreparable injury and unusual circumstances).